UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBBIN DUROW, and
RANDALL DUROW, Individually and as
 Husband and Wife,

                        Plaintiffs,

     v.

GENERAL MOTORS CORPORATION, and
HARTLEY BUICK GMC TRUCK, INC.,

                        Defendants.

**DECISION
and
ORDER**

08-CV-085S(F)

---

APPEARANCES:        CELLINO & BARNES, P.C.
                            Attorneys for Plaintiffs
                            DENIS J. BASTIBLE, of Counsel
                            50 Corporate Parkway
                            Amherst, New York 14226

                            ECKERT SEAMANS CHERIN & MELLOTT, LLC
                            Attorneys for Defendant General Motors Corporation
                            STEVEN R. KRAMER, of Counsel
                            10 Bank Street
                            Suite 1061
                            White Plains, New York 10606

**JURISDICTION**

This case was referred to the undersigned by Honorable William M. Skretny on March 6, 2008, for nondipositive motions. The matter is presently before the court on Plaintiffs' motion for a remand to state court (Doc. No. 4), filed February 12, 2008.[1]

---

[1] The undersigned considers a matter of remand as not dispositive as it resolves only the question of whether there is a proper basis for federal jurisdiction to support removal and does not reach a determination of either the merits of a plaintiff's claims or defendant's defenses or counterclaims. Following the decision on remand, the parties may prosecute such claims or defenses, including related dispositive motions, if any, in whichever court the decision may direct the action to proceed. *Wachovia Bank National Assoc. v. Deutsche Bank Trust Co.*, 397 F.Supp.2d 698 (W.D.N.C. Nov. 8, 2005); *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866 (W.D.N.Y. 1991); *Acme Electric Corp. v. Sigma Instruments. Inc.*, 121 F.R.D. 26 (W.D.N.Y. 1988). See *Mahl Bros. Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 307

**BACKGROUND and FACTS**[2]

Plaintiffs Robbin Durow ("Durow") and her husband Randall Durow ("Randall Durow") (together, "Plaintiffs"), commenced this action on December 5, 2007 in New York Supreme Court, Cattaraugus County ("state court"), seeking monetary damages for injuries Durow sustained arising out of an April 20, 2005 incident ("the incident"). Named as Defendants in the Complaint are General Motors Corporation ("General Motors"), a Delaware Corporation, and Hartley Buick GMC Truck, Inc. ("Hartley"), a New York corporation (together, "Defendants").

Plaintiffs specifically allege that while Durow was operating her vehicle ("the vehicle"), manufactured by General Motors, in reverse, the vehicle's front passenger airbag deployed without any reason or warning, causing injuries to Durow. Plaintiffs further allege that following the incident, the vehicle was towed to Hartley's business establishment in Jamestown, New York, where the vehicle's Sensing Diagnostic Module ("SDM"), was removed. In addition to controlling the airbag's deployment, the SDM records and stores pre-airbag deployment information, which can be reviewed in the event of a deployment to determine the deployment's cause. Plaintiffs allege that after removing the vehicle's SDM, Defendants intentionally disposed of the SDM to hinder litigation of the instant action, and that the current condition and location of the SDM is

---

F.Supp.2d 474 478 (W.D.N.Y. 2004) (Arcara, C.J.) (denying under 28 U.S.C. § 636(b)(1)(A), plaintiff's objections to undersigned's decision denying motion to remand as not "clearly erroneous or contrary to law."). Should, however, the District Judge disagree, *see, e.g., In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) (holding motion to remand action to state court was dispositive as such motion conclusively determines whether a federal forum is available to address the dispute), then the undersigned's finding regarding the motion to remand should be treated as a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] The Facts are taken from the pleadings and motion papers filed in this action.

unknown.  Plaintiffs allege seven claims for relief, including Durow's four claims against General Motors based on products liability, separate claims against General Motors and Hartley for "spoliation fo evidence and conversion of property" related to the removal and disposal of the SDM, and a derivative loss of consortium claim asserted by Randall Durow against both General Motors and Hartley.

On January 30, 2008, General Motors removed the action to this court (Doc. No. 1) ("Removal Notice"), asserting diversity of citizenship under 28 U.S.C. § 1332 as the basis for subject matter jurisdiction, and arguing that Hartley, who is not diverse, was fraudulently joined to defeat diversity jurisdiction.  On February 12, 2008, Plaintiffs filed the instant motion (Doc. No. 4) ("Plaintiffs' motion") to remand the action to state court.  Plaintiffs' motion is supported by the attached affidavit of Denis J. Bastible, Esq. ("Bastible Affidavit").  In opposition to remand, General Motors filed on February 22, 2008, General Motors Corporation's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand Case to State Court (Doc. No. 5) ("General Motors' Response").  Oral argument was deemed unnecessary.

Based on the following, Plaintiffs' motion is GRANTED, and the matter is remanded to state court.

## **DISCUSSION**

Removal of a state court proceeding to federal court is provided for under 28 U.S.C. § 1441(a) ("§ 1441(a)") which states in pertinent part

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

embracing the place where such action is pending. Pursuant to 28 U.S.C. § 1441(b) ("§ 1441(b)"), actions asserting claims arising under federal law are removable regardless of a defendant's citizenship because 28 U.S.C. § 1331 grants federal courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." District courts also have original jurisdiction of civil actions where, as here, the amount in controversy exceeds $ 75,000 and is allegedly between citizens of different states, 28 U.S.C. § 1332(a)(1), and, thus, such actions are also removable. 28 U.S.C. § 1441(b).

The removal statute is construed according to federal law. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941); *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1047 (2d Cir. 1991). Because federal courts are courts of limited jurisdiction, and as removal of a case raises issues of federalism, removal statutes are narrowly construed and doubts are resolved against removal. *Somlyo*, 932 F.2d at 1045-46.

When removal is challenged, the removing party bears the burden of establishing that the requirements for diversity jurisdiction were met. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295-96 (2d Cir. 2000). Regardless of whether the issue is raised by the parties, however, a district court is required to inquire into and determine whether federal question or diversity jurisdiction in a removed action exists. *Id*. at 295. The lack of federal subject matter jurisdiction for a removed action cannot be waived by either party and may be raised at any time. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996) (observing that 30-day limit in which to move to remand based on improper removal does not apply to jurisdictional defects insofar as 28 U.S.C. § 1447(c) provides

"[i]f at any time before final judgment it appear that the district court lacks subject matter jurisdiction, the case shall be remanded")); *Mehlenbacher*, 216 F.3d at 295 (because a lack of subject matter jurisdiction is not a defect but mandates dismissal, court is obligated to *sua sponte* consider whether requirements of diversity jurisdiction are satisfied). In determining whether such requirements have been met, the court first looks to the complaint and the removal petition. *Mehlenbacher*, 216 F.3d at 296.

In the instant case, General Motors removed this action from New York Supreme Court, Erie County, pursuant to § 1441(b), asserting subject matter jurisdiction based on complete diversity of citizenship between Plaintiffs and General Motors. Removal Notice ¶ 4. Despite conceding that Hartley is not diverse, General Motors urges the court to disregard Hartley's citizenship because Hartley was fraudulently joined given that the only claim Plaintiffs allege against Hartley is for spoliation of evidence which is not recognized in New York. *Id.* ¶¶ 5-10. In support of remand, Plaintiffs argue that regardless of whether a cause of action for spoliation is recognized in New York, remand is required because Plaintiffs have also alleged a cause of action for conversion such that Hartley was not fraudulently joined, and there is no basis for removal based on complete diversity of jurisdiction. Bastible Affidavit ¶¶ 6-12.

Under the doctrine of fraudulent joinder, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. R.J.R. Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998) (citing cases). "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has

been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (citing *Pampillonia*, 138 F.3d at 461).  Furthermore, in determining whether a nondiverse party has been fraudulently joined, "all factual and legal issues must be resolved in favor of the plaintiff."  *Pampillonia*, 138 F.3d at 461.

In the instant case, General Motors contends that it is not possible for Plaintiffs to recover on their claim against Hartley because the New York Court of Appeals recently held that New York does not recognize a cause of action for spoliation of evidence. Removal Notice ¶¶ 5-10 (citing *Ortega v. City of New York*, __ N.E.2d __, 9 N.Y.3d 69 (N.Y. 2007)).  While not conceding that New York does not recognize a cause of action for spoliation of evidence, Plaintiffs maintain that in any event, they have also asserted causes of action against Defendants for conversion.  Bastible Affidavit ¶¶ 9-10 (citing N.Y. C.P.L.R. § 214(3) (establishing three-year statute of limitations for causes of action to recover for taking of chattel)).  In opposition to remand, General Motors argues that Plaintiffs assert only a spoliation claim against Hartley, which General Motors characterizes as "an end-run around *Ortega*."  General Motors' Response at 3-5.

Not discussed by any of the parties are the elements of a common law cause of action for conversion in New York, which is defined as "the 'unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights.'" *Vigilant Insurance Company of America v. Housing Authority of the City of El Paso, Texas*, 660 N.E.2d 1121, 1126  (N.Y. 1995) (quoting *Employers' Fire Ins. Co. v. Cotten*, 156 N.E. 629, 630 (N.Y. 1927)).  "Two key elements of

conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." *Colavito v. New York Organ Donor Network, Inc.*, 860 N.E.2d 713, 717 (N.Y. 2006) (citing cases). Further, when the defendant's original possession of the alleged converted property is lawful, conversion does not occur until the defendant refuses to return the property upon demand, or disposes of the property, in which case no demand is necessary. *Johnson v. Gumer*, 464 N.Y.S.2d 318, 319 (4th Dep't 1983) (citing *MacDonnell v. Buffalo, Loan, Trust & Safe Deposit Co.*, 85 N.E. 801, 803 (1908)). Here, the allegations of the Complaint, construed in favor of Plaintiffs, as required, *Pampillonia*, 138 F.3d at 461, fail establish that there is no possibility that Plaintiffs have stated a cause of action for conversion against Hartley, the non-diverse defendant, in state court. *Whitaker*, 261 F.3d at 207 .

In particular, Plaintiffs allege that General Motors and Hartley "intentionally removed and disposed of the vehicle's SDM," Complaint ¶¶ 43 (General Motors) and 48 (Hartley), and that neither the location nor condition of the SDM are known to Plaintiffs, Complaint ¶ 20. Because Defendants allegedly disposed of the vehicle's SDM,[3] Plaintiffs were not required to allege they demanded its return. *Johnson*, 464 N.Y.S.2d 319. The allegations of the Compliant thus satisfy both elements of a New York common law conversion claim such that it cannot be said that Hartley was fraudulently joined to defeat removal.

The court has also considered whether the conversion claim, the resolution of

---

[3] Plaintiffs' ownership of the vehicle and the SDM is not contested.

which requires consideration of a separate nucleus of operative facts than does resolution of the products liability claims, was misjoined and should be severed and separately remanded to state court.  See 28 U.S.C. § 1441(b) (diversity case "shall be removable only if none of the parties in interest *properly joined and served as defendants* is a citizen" of the forum state) (italics added).  Although prior to 1990, 28 U.S.C. § 1441(c) ("§ 1441(c)")  provided for such severance of a "separate and independent claim or cause of action" whether based on federal question or diversity jurisdiction, the rule was amended in 1990 to permit removal under § 1441(c) only in cases involving federal questions.  See 28 U.S.C. § 1441, Practice Commentary on 1988 and 1990 Revisions of Section 1441 at 835.  Moreover, the Second Circuit Court of Appeals has yet to consider whether such severance is permitted.  See *Mack v. Bayer Corporation*, 2007 WL 4333815, *1 (D. Conn. Dec. 10, 2007) (granting motion to remand where defendants argued in opposition to remand that claims asserted against non-diverse defendant should be severed as misjoined and separately remanded to state court, observing defendant could "seek relief from misjoinder in state court before filing a removal petition").  Because removal statutes are to be narrowly construed with doubts resolved against removal, *Somlyo*, 932 F.2d at 1045-46, the court does not sever the actions so as to remand only the conversion claim against Hartley to state court.

    Nor does the fact that the record fails to establish that Hartley was ever served support removal based on diversity jurisdiction.  Although removal by a diverse defendant is not precluded by the fact that other defendants, also diverse, have yet to be served, where, as here, the unserved defendant is nondiverse, removal by the

diverse defendant is not permitted absent a showing that the unserved and nondiverse defendant was fraudulently joined.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41 (1939).

## **CONCLUSION**

Based on the foregoing, Plaintiffs' motion (Doc. No. 4) is GRANTED, and the matter is remanded to New York Supreme Court, Cattaraugus County.  The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     April 17, 2008
           Buffalo, New York